## BERGER v BAKER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1155. Decided Jan 21, 1933

D. H. Wysong, Dayton, and Albert Scharrer, Dayton, for plaintiff in error.

Allaman, Funkhouser & Murr, Dayton, for defendant in error.

BY THE COURT

The case was originally heard upon the petition of plaintiff, the answer of defendant and the testimony and was submitted to a jury with the result that upon the issues so joined the jury returned a verdict in favor of plaintiff and also returned a certain special finding of fact as appears from the transcript of the docket and journal entries filed with us to the following effect:

"Q. Do you find that the canal system of the State of Ohio occupied the premises described in the petition after the deed dated June 15, 1871, for canal purposes?
A. Yes."

No motion for new trial was filed in the original case nor has any bill of exceptions been perfected and brought before this court for review. The trial judge, passing upon this motion, sat in the original hearing of the case and was conversant with all the facts as disclosed by such hearing.

As above stated, the case was originally tried upon a petition in ejectment, the plaintiff claiming under a lease made to him by the State of Ohio for part of its canal system and the defendant claiming under a deed to him by the State of Ohio for part of the lands formerly set aside for school purposes. The defendant, in his cross petition, claimed as an occupying claimant under the provisions of §11908 GC.

The lower court held, and we think properly, that the motion to dismiss the cross petition, whether treated as a motion or as a demurrer, which the court was at liberty to do, raised the question as to whether the defendant entered upon the premises in question relying upon title from his grantor and also whether the defendant by reason of the recitals in his own deed was

estopped from claiming as an occupying claimant.

Sec 11908 GC contains the provisions in reference to the rights of an occupying claimant. In the case at bar the defendant claims by deed. This deed, however, discloses a part of the canal property. Did the defendant enter upon the said premises relying upon the title received from his grantor and is he estopped from asserting any claim by reason of the recitals in his own deed of the rights of the State of Ohio? If the defendant has any claim whatever it would fall under the provisions of subdivision 2 of §11908 GC.

We think the authorities are well settled to the effect that an allowance will not be made for improvements if such improvements were made when the claimant knew there was a defect in the title. We are also of opinion that the deed of defendant clearly put him upon notice by reason of the recital of the rights of the canal system. A description of these deeds is found in the pleadings set forth in the transcript of the docket and journal entries filed with us and we are of opinion, for the reason stated in detail in the written opinion of Judge White, that has been filed with us, that the defendant is estopped from claiming as an occupying claimant by virtue of the recital in his own deed.

From a consideration of such part of the record as has been presented to us for review we find no error therein which we consider prejudicial to plaintiff in error and the ruling of the court in reference to sustaining the motion will, therefore, be affirmed. We are assuming for the purpose of this case that the same is properly before us on error and that the failure to properly docket same was not the fault of plaintiff in error.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.