### SMITH, Plaintiff-Appellee, v VANKIRK, ET, Defendants-Appellants.

Ohio Appeals, Seventh District, Mahoning County.

No. 3077.   Decided November 13th, 1945.

H. L. Kattman, Sebring, for plaintiff-appellee.
F. E. Hunter, Alliance, for defendants-appellants.

### OPINION

By PHILLIPS, J.

Plaintiff and defendants William VanKirk and Mildred VanKirk, husband and wife, entered into an agreement in the spring of 1927, by the terms of which plaintiff agreed to buy from defendants and defendants agreed to sell to plaintiff lot number 1407, situated on Vermont Avenue between Sixteenth and Seventeenth Streets in the Village of Sebring, Smith Town-

ship, Mahoning County, Ohio, for $700.00 payable $25.00 in cash and $10.00 per month until the purchase price was paid in full, at which time defendants were to execute and deliver a good and sufficient deed with covenants of general warranty therefor to plaintiff. Immediately thereafter plaintiff took possession of such property and continued to live thereon for fourteen years and until evicted therefrom as stated hereinafter herein.

Subsequent to such eviction plaintiff filed an action in the court of common pleas of Mahoning County on August 23, 1941, against defendants William VanKirk and Mildred Van-Kirk numbered 111175. In that action she prayed that court to order such defendants to specifically perform such agreement by conveying legal title to the above described premises to her, and for other equitable relief.

Upon hearing in case number 111175 a judge of the court of common pleas "ordered, adjudged and decreed that upon payment of the sum of $93.00 by plaintiff to defendants herein, the said defendants shall convey to plaintiff herein by a good and sufficient deed with covenants of general warranty" the premises to which reference has hereinbefore been made, with which order plaintiff complied as hereinafter set forth.

In her petition in her action against defendants William VanKirk, Mildred VanKirk and Clarence E. Barrett, filed in the court of common pleas on January 24, 1944, which case was numbered 116416, and which is the action being reviewed, plaintiff sought to enjoin and restrain defendants from "selling, renting, conveying, transferring, disposing of, or incumbering, either directly or indirectly, any or all of the property hereinbefore mentioned," and prayed that the- "fraudulent conveyance hereinbefore mentioned be set aside, that the rights of the parties be determined, and that upon final hearing title in fee simple" to such premises be decreed to reside in her. Plaintiff alleged in that petition inter alia "that on the twenty-fifth day of August, 1941, the defendant William VanKirk with intent to defraud the plaintiff herein, conveyed the above described premises, without consideration, to defendant Clarence E. Barrett."

That action was heard in the court of common pleas and from the judgment of that court plaintiff appealed to this court on questions of law and fact.

On October 11, 1945, the day the case was set for hearing in this court, defendants filed a demurrer to plaintiff's petition on the ground that it did not state a cause of action. The demurrer was argued and taken under advisement, and by

agreement of counsel for the respective parties the case was argued and submitted to us on its merits upon a transcript of the docket and journal entries and the testimony taken in the court of common pleas under agreement of counsel and consent of this court that if the demurrer was sustained plaintiff would be granted leave to file an amended petition and defendants granted leave to file answers thereto.

The demurrer to plaintiff's petition is sustained upon authority of **Lytle v Baldinger, et al, 84 Oh St 1,** which provides:—

"A petition to set aside a fraudulent sale or transfer made in violation of the provisions of Section 6343, Revised Statutes, which does not aver that the person to whom the sale, conveyance, transfer, mortgage or assignment is made knew at the time of the transaction of the fraudulent intent on the part of the debtor does not state facts sufficient to constitute a cause of action."

Plaintiff's petition lacked such allegation.

In her amended petition filed on October 22, 1945, in case number 116416, plaintiff alleged, among other things, "that on the twenty-fifth day of August, 1941, the defendants William VanKirk and Mildred VanKirk, with intent to defraud the plaintiff herein, conveyed the above described premises, without consideration, to defendant Clarence E. Barrett; that defendant Clarence E. Barrett is the defendants William Van-Kirk and Mildred VanKirk (sic); that at the time of the transfer of the title to the within premises from William VanKirk and Mildred VanKirk to the defendant Clarence E. Barrett the defendant Clarence E. Barrett had full knowledge of the plaintiff's claim to title in the premises aforesaid; that the defendant Clarence E. Barrett, colluded, conspired and connived with the defendants Mildred VanKirk and William VanKirk in an attempt to defraud the plaintiff herein by accepting title to the within described premises."

By answer filed by leave of this court defendant Barrett "denies all allegations of fraud"; "denies that he had knowledge of the claim of plaintiff to the title to said premises, and denies that he colluded, conspired and connived with the defendants William and Mildred VanKirk; and denies that he was guilty of any fraud in the premises in accepting title thereto"; alleged that he purchased the property in question for a good and valuable consideration, and that he has improved such property to the extent of $800.00, and asked that

he "be protected in his expenditures under the occupying claimant's law of the State of Ohio, §§11907-11911 GC, if the court should find that the deed which he holds is invalid."

In that action it was "stipulated by and between counsel that the attorney for the plaintiff tendered the entry in the action which was tried before Judge Jenkins, being case number 111175, the money $93.00 which the court ordered plaintiff to pay to the defendant was tendered to the defendants William and Mildred VanKirk." (sic)

While the record of the proceedings in his court is not before us yet there is ample evidence in the record submitted to us for review, introduced by counsel for the respective parties, warranting us accepting as facts that on July 21, 1941, defendant Mildred VanKirk filed an action in forcible entry and detainer against plaintiff in the court of F. O. Brooks, Justice of the Peace in and for Smith Township, Mahoning County, Ohio; that such action was decided favorable to Mildred Van-Kirk on August 8, 1941; that immediately thereafter plaintiff was evicted from such premises by defendant William Van-Kirk, who "busted the door", and a constable attached to the court of such justice of the peace.

There is evidence that defendant Clarence E. Barrett learned in a conversation with his mother, Mildred VanKirk, that she had obtained possession of the above described property and was advised that plaintiff claimed an interest therein, although he testified to the contrary; that on August 6, 1941, defendants William VanKirk and Mildred VanKirk executed and delivered to defendant Barrett a deed to such property for the consideration of $600.00, which all defendants testified defendant William VanKirk owed defendant Barrett, but of which none of whom had any record; that that deed was recorded on August 25, 1945; that immediately subsequent to plaintiff's eviction defendant Barrett took and continued to hold possession of such property thereafter; and that he had repaired and improved it at a cost of approximately $800.00.

No useful purpose would be served by quoting other evidence from the meager record submitted to us to support the unanimous conclusion of the court that defendant Clarence E. Barrett did not act in good faith in taking a deed to the premises in question, and that the deed therefor executed to him by defendants Mildred VanKirk and William VanKirk to such premises was fraudulent and must be set aside upon payment by plaintiff to defendants of the amount found due defendants by a judge of the Court of Common Pleas in case

number 111175 and under the conditions imposed by that court in the entry thereof journalizing his finding.

It is believed that defendant Barrett knew at the time he accepted a deed to the premises under discussion that plaintiff claimed title thereto which was superior to his; that his title to such property was questionable and defective, and that he was not acting under an honest belief that he was improving his own premises.

"No allowance can be made under §11908 GC, for improvements placed upon real estate by an occupying claimant if at the time the improvements were made the claimant knew that there were defects in the title, under which he claimed." **Berger v Baker, 13 Abs 611.**

"If he has notice of a superior title which is afterwards successfully asserted, he will not be entitled to compensation for such improvements under the statute." **O. Jur., Vol. 30, Sec. 12, p. 470.**

"The occupant must act under the honest belief that he is improving his own land. In all cases the Occupying Claimant Law requires that the purchaser or purchasers of the premises shall have obtained title to and possession of the same without any fraud or collusion on his, her, or their parts." **O. Jur., Vol. 30, Sec. 11, p. 469.**

An entry drawn in accordance with the docket entry of the court and this opinion may be presented.

NICHOLS, PJ, and CARTER, J, concur in judgment.